ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY Y TOYOTA CREDIT PUERTO RICO<br><br>RECURRIDO<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br><br>PETICIONARIO | KLCE202401376 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br>_____<br>Caso Civil:<br>PO2024CV00765<br>_____<br>SOBRE:<br>IMPUGANCIÓN DE CONFISCACIÓN |

Panel integrado por su presidente el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez

Salgado Schwarz, Carlos G., Juez Ponente

# **R E S O L U C I Ó N**

En San Juan, Puerto Rico, a 15 de enero de 2025.

Comparece el Gobierno de Puerto Rico por conducto de la Oficina del Procurador General de Puerto Rico mediante recurso de *certiorari* y solicita que revisemos la Resolución emitida el 20 de septiembre de 2024[1] por el Tribunal de Primera Instancia, Sala Superior de Ponce ("foro primario" o "foro recurrido") en la que el foro primario determinó que *Toyota Credit* posee legitimación activa para promover la demanda de impugnación de confiscación.

Luego de deliberar los méritos del recurso ante nos, entendemos procedente no intervenir con la determinación del foro recurrido. Si bien este foro apelativo no está obligado a fundamentar su determinación al denegar la expedición de un recurso

_____
[1] Notificada el 25 de septiembre de 2024.

Número Identificador

RES2025_____

discrecional,[2] abundamos sobre las bases de nuestra decisión para que las partes no alberguen dudas en sus mentes sobre el ejercicio de nuestra facultad revisora y su justificación jurídica.

De la resolución recurrida se desprende que los trámites ante el Departamento de Transportación y Obras Públicas por parte del concesionario se realizaron. Lo que faltaba, si algo, era entre el ente gubernamental encargado del Registro y el comerciante. Aún si el gravamen no constaba registrado, no es menos cierto que, al hacer la investigación requerida por la Policía de Puerto Rico y el Departamento de Justicia con el propósito de iniciar el trámite legal de confiscación, surja en algún momento si el mismo cuenta con el gravamen. No se pueden afectar los intereses de los peticionarios por un mero tecnicismo.

Conforme a lo anterior, expresamos que no surge del expediente de este caso que el foro primario actuase mediando prejuicio, parcialidad, error manifiesto o mediante craso abuso de su discreción.[3] Tampoco divisamos fundamentos jurídicos que motiven la expedición del auto instado al amparo de los criterios dispuestos por la Regla 40 del Reglamento de este Tribunal de Apelaciones.[4]

A tenor con lo anterior, **_denegamos_** la expedición del auto de _certiorari_ ante nuestra consideración.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

_Lcda. Lilia M. Oquendo Solís_
_Secretaria del Tribunal de Apelaciones_

---

[2] 32 LPRA Ap. V, R. 52.1.
[3] _Trans-Oceanic Life Ins. v. Oracle Corp._, 184 DPR 689, 709 (2012).
[4] 4 LPRA Ap. XXII-B, R. 40.